FILED

MAY 01 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Case No. DR-25-CR-2061-AM |
| | § | |
| BOBBY BRANDON GALVAN, | § | |
| Defendant. | § | |

## INSTRUCTIONS TO THE JURY

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdicts.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decisions as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdicts solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

The indictment, or formal charge, against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all, and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection

2

and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decisions. Your verdicts must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdicts.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether

3

direct or circumstantial, be convinced of the defendant's guilt beyond a reasonable doubt before you can find him guilty.

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

You have been told that the witness, Axcel Rodriguez, was convicted in 2020 for smuggling goods from the United States, namely firearms. A conviction is a factor you may consider in

deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

In this case the government called alleged accomplices as some of its witnesses, named as co-defendants in indictments, with whom the government has entered into plea agreements. These agreements provide for recommendations for lesser sentences. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain verdicts of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

During the trial you heard testimony from several expert witnesses. You heard the testimony of Lisa Health, an Intelligence Research Specialist with the Bureau of Alcohol, Firearms, and Explosives. Ms. Heath testified about using PLX, a forensic tool used to analyze data extracted from telephones.

You also heard the testimony of United States Border Patrol Agent John Kiesel on using Cellebrite, a forensic tool used to copy the contents of telephones. Mr. Kiesel also testified about translating messages from Spanish to English and transcribing the translated messages.

You also heard testimony from Bureau of Alcohol, Firearms and Explosives Special Agent Darren Johnson and Bureau of Alcohol, Firearms and Explosives Special Agent James Settelen. Agent Johnson testified about the translation from Spanish to English. Both agents testified about the nexus of the firearms and the purchase and further transportation of firearms.

You also heard the testimony of United States Boder Patrol Agent Cindy Hinojosa about the chemical restoration of firearms serial numbers. Finally, you heard from United States Department of Commerce, Bureau of Industry and Security Special Agent William Moulds about the Commerce Control List, and the documentation and existence of federal firearms licenses.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

Among the exhibits admitted during the trial were audio recordings and text messages that contained conversations in the Spanish language. You were also provided English language transcripts and translations of those conversations, which have been admitted into evidence. The transcripts and translations were provided to you by the government so that you can consider the content of the conversations. The accuracy of the transcripts and translations are not disputed in this case.

Although some of you may speak Spanish, it is important that all jurors consider the same

6

evidence. Therefore, you must accept the English translations contained in the admitted transcripts and translations.

A separate crime is charged in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

In any criminal case the government must prove not only the essential elements of the offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offenses.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the any one of the offenses charged, you must find the defendant not guilty of that offense.

Certain summaries of other records have been received into evidence. They should be

considered like any other evidence in the case. You should give them only such weight as you think they deserve.

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

The indictment reads as follows:

## COUNT NINE
[18 U.S.C. § 933(a)(1) and (b)]

Between or about June 25, 2022 through the date of this indictment, in the Western District of Texas, and elsewhere, Defendant[ ],

**BOBBY BRANDON GALVAN**
AKA "PURAVIDARECIA"
A/K/A "DEL BRANDON"

did, knowingly and willfully did combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury to ship, transport, transfer, cause to be transported, and otherwise disposed of one and more firearms, including but not limited to:

1-Smith & Wesson model 380 Shield EZ, .380 caliber handgun (S/N: RES7736)
1- FNH model SCAR 17S, 7.62mm rifle (S/N: H1C23707)
1- FNH model SCAR 16S, 5.56mm rifle (S/N: obliterated)
1- Romarm/Cugir model WASR-10UF, 7.62mm rifle (S/N: 22UF-6571)
1- Israel Weapon Industries (IWI) model Galil Ace SAR, 5.56 mm handgun (S/N: obliterated)
1- CZ (Ceska Zbrojovka) model Bren 2MS, 7.62mm rifle (S/N: D133864)
1- CZ (Ceska Zbrojovka) model Bren 2MS, 5.56mm rifle (S/N: E088647)
1- CZ (Ceska Zbrojovka) model 805 Bren S1, 5.56mm rifle (S/N: obliterated)
1- CZ (Ceska Zbrojovka) model Bren 2MS, 5.56mm rifle (S/N: E372421)
1- Sig Sauer model 716, 7.62mm rifle (S/N: obliterated)
1- Crusader Arms (CruArms) model Temp556, 5.56mm rifle (S/N: 2023TEM0052)
1- CZ (Ceska Zbrojovka) model Bren 2MS, 5.56mm handgun (S/N: obliterated)

8

1- CZ (Ceska Zbrojovka) model Bren 2MS, 5.56mm rifle (S/N: obliterated)
1- Israel Weapon Industries (IWI) model Galil Ace SAR, 7.62mm rifle (S/N: G20322**)
1- FNH model SCAR 16S, 5.56mm rifle (S/N: obliterated and unable to restore)
1- Israel Weapon Industries (IWI) model Galil Ace SAR, 5.56 mm rifle (S/N: G2029*85)
1- Israel Weapon Industries (IWI) model Galil Ace SAR, 7.62mm rifle (S/N: G2*****)
1- CZ (Ceska Zbrojovka) model Bren 2MS, 7.62mm handgun (S/N: H311937)
1- Israel Weapon Industries (IWI) model Tavor X95, 5.56mm rifle rifle (S/N: ****52)
1- Israel Weapon Industries (IWI) model Tavor SAR, .223 caliber rifle (S/N: obliterated)
1- Israel Weapon Industries (IWI) model Galil Ace SAR, 7.62mm rifle (S/N: G0007***)
1- Israel Weapon Industries (IWI) model Tavor SAR, 5.56mm rifle (S/N: T***25)
1- Israel Weapon Industries (IWI) model Tavor SAR, 5.56mm rifle (S/N: obliterated)
1- Romarm/Cugir model WASR-10UF, 7.62mm rifle (S/N: 23UF-91)
1- Romarm/Cugir model WASR-10UF, 7.62mm rifle (S/N: 23UF-7850)
1- Romarm/Cugir model WASR-10UF, 7.62mm rifle (S/N: 23UF-7857)
1- Romarm/Cugir model WASR-10UF, 7.62mm rifle (S/N: 23UF-9340)
1- Palmetto State Armory (PSA) PSAK47, 7.62mm rifle (S/N: G*3-4*42)
1- Palmetto State Armory (PSA) PSAK47, 7.62mm rifle (S/N: obliterated)
1- Pioneer Arms Corporation (Radom) model Sporter, 7.62mm rifle (S/N: PAC23PL15561)
1- Glock model 19 Gen.4 9mm handgun rifle (S/N: RTF795)
1- Sig Sauer model Spartan II, .380 caliber handgun (S/N: 27C060935)
1- Israel Weapon Industries (IWI) model Galil Ace SAR 5.56mm rifle (S/N: obliterated)
1- Palmetto State Armory, Model: PSK-U, 7.62m rifle bearing serial number AKU004784
1- Palmetto State Armory, Model: PSK-U, 7.62mm rifle bearing serial number AKU004782.
1- Pioneer Arms Corp, Model: Sporter, 7.62 mm rifle bearing serial number PAC23PL16516F.
1- Pioneer Arms Corp, Model: Sporter, 7.62-mm rifle bearing serial number PAC23PL16514F.

to another person, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that said individual intended to use, carry, possess and sell and otherwise dispose of the firearm in furtherance of a felony, to wit: 18 U.S.C. § 554, in violation of Title 18, United States Code, Sections 933(a)(l), (a)(3), and (b).

COUNT TWELVE
[18 U.S.C. § 932(b)(2) and (c)]

On or about March 16, 2024, in the Western District of Texas, Defendant,

**BOBBY BRANDON GALVAN**
AKA "PURAVIDARECIA"
A/K/A "DEL BRANDON"

Did knowingly purchase a firearm, to wit: a Romarm/Cugir WASR-10UF 762 caliber rifle (S/N: 23UF-7857), in or otherwise affecting interstate or foreign commerce for, on behalf of, or at the request or demand of another individual, knowing or having reasonable cause to believe that said individual intended to use, carry, possess and sell and otherwise dispose of the firearm in furtherance of a

9

felony, to wit: 18 U.S.C. § 554, in violation of Title 18, United States Code, Section 932(b)(2).

Title 18, United States Code, Section 933(a)(3), makes it a crime for anyone to conspire to traffic in firearms. In Count Nine, the defendant is charged with conspiring to traffic in firearms. Title 18, United States Code, Section 933(a)(1), makes it a crime for anyone to traffic in firearms to another. More specifically, trafficking in firearms makes it unlawful for any person to ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person, in or affecting interstate or foreign commerce, knowing or having reasonable cause to believe that said individual intended to use, carry, possess or sell or otherwise dispose of the firearm in furtherance of a felony.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of conspiring to traffic in firearms, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:      That the defendant and at least one other person made an agreement to traffic in firearms;

*Second*:      That the defendant knew the unlawful purpose of the agreement; and

*Third*:      That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator. While mere presence at the scene of a crime, or close association with another who is involved in a crime, are not sufficient in themselves to support a conviction, such presence or association are factors which the jury may consider along with other evidence in reaching its verdict as to Count Nine.

In Count Twelve, the defendant is charged with violating Title 18, United States Code, Section 932(b)(2) and (c). For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:*   That the defendant knowingly purchased a firearm, to wit: a Romarm/Cugir WASR-10UF 762 caliber rifle (S/N: 23UF-7857);

*Second:*   That the firearm was in or affected interstate or foreign commerce;

*Third:*   That the purchase of the firearm was made for, on behalf of, or at the request or demand of another individual; and

11

*Fourth:*        That the defendant knew or had reasonable cause to believe that said individual intended to possess, or sell or otherwise dispose of the firearm in furtherance of a felony, as charged in the indictment.

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state or country other than the State of Texas and that the purchase occurred in the State of Texas, then you may, but are not required to, find that the purchase was in or otherwise affected interstate or foreign commerce.

The "in furtherance" requirement is satisfied where there is a nexus between the firearm and the crime wherein the firearm furthers, advances, or helps forward the crime.

The term "felony" means any offense under Federal or State law punishable by imprisonment for a term exceeding 1 year.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

"Commerce" includes travel, trade, transportation, and communications.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

The federal pleading standard requires the indictment charge a defendant with conjunctive language (that is, "and"), but it is sufficient if the government proves the offense in the disjunctive (that is, "or").

You will note that the indictment for Count Nine charges that this offense was committed between or about a specified date. The government does not have to prove that the crime was committed during that time period, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the time period of June 25, 2022, through August 20, 2025.

You will note that the indictment for Count Twelve charges that this offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near March 16, 2024, the date stated in the indictment.

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

In order for you to return guilty verdicts, the government must prove by a preponderance of the evidence that the offenses charged were begun, continued, or completed in the Western District of Texas. Unlike the other elements of the offenses, this is a fact that the government must prove only by a preponderance of the evidence. This means the government must convince you only that it is more likely than not that the offenses charged were begun, continued, or completed in the Western District of Texas. All other elements of the offenses must be proved beyond a reasonable doubt. You are instructed that Austin, Bastrop, San Marcos, and Eagle Pass, Texas are located in the Western District of Texas.

To reach a verdict on each count, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdicts to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your numbers as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience and is attached as the last page in this packet. The foreperson will write the unanimous answer of the jury in the spaces provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should sign and date the verdict form.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer on forms that will be provided to you. I will either reply in writing or bring you back into the Court to answer your message. The forms will have a title of "Jury Note No. _____." Please sequentially number the notes so that we can keep

14

track of the questions and the corresponding answers.  If you send me Question No. 1, I will send Response No. 1; if you send me Question No. 2, I will send you Response No. 2; and so on.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on each count of the indictment, until after you have reached a unanimous verdict.

You may now retire to deliberate.  Do not begin your deliberations until you have received all of the exhibits.  I caution that you should always follow the instructions I have given you throughout your deliberations.

May 1, 2026
DATE

ALIA MOSES
Chief United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal Case No. DR-25-CR-2061-AM** |
| | § | |
| **BOBBY BRANDON GALVAN,** | § | |
| **Defendant** | § | |

## VERDICT

### COUNT NINE

As to Count Nine of the indictment, Conspiracy to Traffic in Firearms, we the jurors find

beyond a reasonable doubt, the Defendant, **BOBBY BRANDON GALVAN,**

_____.

[Guilty or Not Guilty]

### COUNT TWELVE

As to Count Twelve of the indictment, Straw Purchase of a Firearm, we the jurors find

the Defendant, **BOBBY BRANDON GALVAN,** _____.

[Guilty or Not Guilty]

_____          _____

Date                                                        FOREPERSON